IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WALTER JACK MEIGS,<br><br>　　　　　Defendant. | CR 05-12-M-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 26.)

On November 18, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 6 months imprisonment, followed by a lifetime term of supervised release.

**I.      Background**

In 2005, Defendant pled guilty to the offense of Sexual Exploitation of Children. (Doc. 19.) On September 22, 2005, the Court sentenced him to 180 months imprisonment, to be followed by a lifetime term of supervised release. (*Id.*) Defendant began serving his term of supervised release on October 16, 2024.

1

On October 31, 2025, the United States Probation Office filed the petition now at issue. (Doc. 24.) The petition alleges that Defendant violated two conditions of supervised release, and provides a brief explanation of each violation. (*Id*.) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 25.) Defendant was arrested, and he made an initial appearance on November 5, 2025. (Doc. 27.)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Russell Hart. Kelsey Sabol represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After consenting to proceed, Defendant admitted all violations as alleged in the petition. The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is C, his criminal history category is I, and the underlying offense is a class B felony. Under those circumstances, the maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 3–9 months incarceration. Defendant could also be sentenced to between 60 months and lifetime supervised

release, less any custody time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 9 months incarceration and the continuance of Defendant's lifetime supervised release. Defendant's counsel requested a sentence at the mid to low end of the Guidelines range.

### III.   Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 6 months imprisonment followed by a lifetime term of supervised release. No circumstances warrant a departure from the guideline range.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

Given the nature of Defendant's underlying offense, these violations are serious. Defendant was convicted of sexually exploiting a child. Therefore, prohibiting him from viewing sexually explicit content was an important condition of his supervised release. Defendant violated that condition, leading to a termination of his sex offender treatment program, which was another key condition of his release.

With respect to Defendant's history and characteristics, Defendant did not have a criminal history prior to his conviction for this offense. Defendant had a criminal history category I at the time of sentencing on the underlying offense. Defendant also initially did well on supervised release and incurred no violations for the first year of his supervision. He was able to maintain a stable residence and obtained employment at an upholstery shop where he was a good employee.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. This is the first revocation of Defendant's supervised release. Thus, a sentence at the middle of the revocation range is sufficient to make it clear to Defendant that he must strictly comply with his release conditions, or he will be subject to revocation.

The undersigned has also considered the need for future educational and correctional treatment. Defendant needs to continue in a sex offender treatment program. Therefore, a term of supervised release requiring participation in a sex offender treatment program, together with all conditions previously imposed on Defendant's supervised release, should be imposed.

Considering all these factors, as well as the applicable guideline range, any applicable policy statements, and the need to avoid unwarranted sentencing disparities, the Court concludes a sentence of 6 months incarceration followed by a

lifetime term of supervised release is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he not knowingly acquire, possess, or view any materials depicting sexually explicit conduct, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he successfully complete an outpatient sex offender treatment program, as alleged in Violation No. 2.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 6 months imprisonment, followed by a lifetime term of supervised release.

2. In addition to the mandatory and standard conditions of supervised release, the following special conditions should be imposed:

a. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

b. You must have no contact with victim(s) in the instant offense.

c. You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a
minor.

You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report

changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

d. You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access, to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

e. You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

f. All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

g. You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

h. You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

i.  You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are designed to arouse sexual desire, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

j.  You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

k.  You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to

which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 18th day of November, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge